IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALONZO REED,

      Plaintiff,                  No. CIV S 06-1050 LKK KJM P

    vs.

SCOTT KERNAN, et al.,

      Defendants.          FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Plaintiff's original complaint was dismissed and he was directed to file an amended complaint. Plaintiff has now filed a document purporting to be an amended complaint.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-

1

28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.  A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)  (1969).

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, _ U.S. _, 127 S.Ct. 1955, 1964-65 (2007).  A complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'"  Erickson v. Pardus, _ U.S. _, 127 S.Ct. 2197 (2007).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint, id., and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

The court dismissed the original complaint because the stream-of-consciousness form made it difficult to pinpoint the basis of plaintiff's claims.  The court directed plaintiff to McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) and its direction for clear pleading.

Instead of attempting to reformulate his complaint, plaintiff has simply submitted the same pleading, labeled "amended complaint."   It remains both too vague and too discursive to state a claim under the civil rights act.   In addition, plaintiff was given an opportunity to reformulate his contentions but simply refused to do so.  He was warned that failure to file an

1 amended complaint that conformed to the federal rules and to the terms of the order would result
2 in a recommendation that the action be dismissed. His failure to comply warrants that
3 recommendation.

4     IT IS HEREBY RECOMMENDED that this action be dismissed.

5     These findings and recommendations are submitted to the United States District
6 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty
7 days after being served with these findings and recommendations, plaintiff may file written
8 objections with the court. The document should be captioned "Objections to Magistrate Judge's
9 Findings and Recommendations." Plaintiff is advised that failure to file objections within the
10 specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951
11 F.2d 1153 (9th Cir. 1991).

12 DATED: October 22, 2008.

                                                   U.S. MAGISTRATE JUDGE

2
reed1050.56